IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| FRANK LEE FRANKLIN, <br> ADC # 087441, <br> <br> Plaintiff, <br> v. <br> <br> JOSIAH COLLIER, Correctional Officer II, <br> Arkansas Department of Correction; *et al.* <br> <br> Defendants. | * <br> * <br> * <br> * <br> * <br> *   No. 2:15-cv-00193-JJV <br> * <br> * <br> * <br> * |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Plaintiff, Frank Lee Franklin, is incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  He alleges that Defendants violated his constitutional rights by subjecting him to sexual misconduct, retaliation, and violations of due process.

Defendants have now moved for partial summary judgment claiming that before filing this lawsuit, Plaintiff failed to first exhaust his administrative remedies with regard to Defendants Davis, Warner, Smith, Jackson, and Baxter as required by the Prison Litigation Reform Act (PLRA).  (Doc. No. 43.)  Plaintiff has responded and provided an affidavit as to why the Motion should not be granted.  (Doc. No. 47.)

After careful review of the Motion, Response, and supporting evidence, for the following reasons I find Plaintiff has failed to exhaust his administrative remedies.  Accordingly, Defendants Davis, Warner, Smith, Jackson, and Baxter should be dismissed without prejudice.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

1

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has

properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Arkansas Department of Correction ('ADC') Administrative Directive 14-16. (Doc. No. 43-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendants provide evidence that Plaintiff filed two grievances related to the immediate claims but only identified Defendant Collier. The grievances in question are EAM-15-01273 and EAM-15-03062. (Docs. No. 43-2 & 43-3.) Grievance EAM-15-01273 refers only to Corporal Collier and accuses him of sexual misconduct, threats, and retaliation. (Doc. No. 43-2 at 1.) Grievance EAM-15-03062 says "two officers" approached Plaintiff and threatened to retaliate against him for accusing Corporal Collier of wrongdoing. (Doc. No. 43-3 at 3.)

Defendants have also provided a declaration from the Inmate Grievance Supervisor, Barbara Williams. (Doc. No. 43-5.) In Ms. Williams's declaration, she explains the grievance process and says she reviewed Plaintiff's grievances. (*Id.*) She states, "Mr. Franklin submitted two grievances relevant to the allegations in his Complaint." (*Id.* at 3.) She further says, Mr. Franklin only accused Corporal Collier in EAM-15-01273 and that EAM-15-03062 "was rejected at the unit level because Mr. Franklin 'failed to name staff or anyone with knowledge of [the] incident so that an investigation could be conducted." (*Id.* at 3) "Because Mr. Franklin did not identify the 'two officers' accused of wrongdoing at the informal resolution state, the allegations in Grievance EAM-15-03062 were never investigated on the their merits." (*Id.* at 4.)

3

Based on the foregoing, I find Plaintiff failed to administratively exhaust his claims against Defendants Defendants Davis, Warner, Smith, Jackson, and Baxter.  Neither grievance contains any allegations against any of these defendants.  And Plaintiff has not provided any basis to counter Defendants' Motion nor has he shown that he properly exhausted any grievances with regard to their alleged misconduct.  Accordingly, the claims against them must be dismissed without prejudice.[1]

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion for Partial Summary Judgment (Doc. No. 43) is GRANTED.

2. Plaintiff's claims against Defendants Davis, Warner, Smith, Jackson, and Baxter are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Defendants Davis, Warner, Smith, Jackson, and Baxter are dismissed from this cause of action.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 3rd day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] I note Defendants would also be entitled to dismissal because Plaintiff has failed to establish an injury from any of these alleged events.  A § 1983 action is a type of tort claim.  Accordingly, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation.  *Carey v. Piphus*, 435 U.S. 247, 253–55 (1978).  Here, Plaintiff seeks only money damages and his Complaint establishes he never suffered any injury as result of any alleged misconduct by defendants.