IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| FRANK LEE FRANKLIN<br>ADC #087441<br><br>    Plaintiff,<br>v.<br><br>JOSIAH COLLIER, Correctional Officer,<br>ADC; *et al.*<br><br>    Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*  No. 2:15-cv-00193-JJV<br>\*<br>\*<br>\*<br>\* |

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

Plaintiff, Frank Lee Franklin, is incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"), and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He alleges that Defendants violated his constitutional rights by subjecting him to sexual misconduct, retaliation, and violations of due process. Based on a showing of failure to exhaust administrative remedies, I previously granted partial summary judgment and dismissed all defendants other than Defendant Collier. (Doc. No. 48.) Plaintiff has now moved for summary judgment against Defendant Collier. (Doc. No. 49.) Defendant Collier has responded in opposition. (Doc. Nos. 50-51.) After careful review of Plaintiff's Motion, I find it must be denied.

**II. PLAINTIFF'S MOTION**

Plaintiff says he properly exhausted his claims against Defendant Collier and believes his meritorious grievances serve as the basis for summary judgment. He says the grievances

1

and accompanying evidence prove his claims against Defendant Collier. (Doc. No. 49 at 4.) Plaintiff provides his grievances as a part of his Motion.

### III.     SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV. ANALYSIS

From a practical matter, it is understandable how Mr. Franklin believes the meritorious findings as a part of the grievance process should have some positive effects on his federal claims. But Defendant Collier correctly counters that Plaintiff's grievance was not a finding of constitutional deliberate indifference and does not entitle him to judgment on his pleadings.

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate

> indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Based on the aforementioned law and the record before me, I conclude that summary judgment is unwarranted at this time. The grievances simply do not prove, as a matter of law, that Defendant Collier violated Plaintiff's constitutional rights. Genuine issues of material fact remain and this litigation must proceed.

V.   **CONCLUSION**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 49) is DENIED.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 22th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4