IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK LEE FRANKLIN,<br>ADC #087441 | * * * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 2:15CV00193-JJV |
| JOSIAH COLLIER, Correctional<br>Officer, ADC; *et al.* | * * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Plaintiff, Frank Lee Franklin, is incarcerated at the Varner Unit of the Arkansas Department of Correction ("ADC"). He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by subjecting him to sexual harassment, retaliation, and violations of due process. Based on a showing of failure to exhaust administrative remedies, I previously granted partial summary judgment and dismissed all defendants other than Defendant Collier. (Doc. No. 48.) Defendant Collier now moves for summary judgment. (Doc. Nos. 57-59.) Defendant argues he is entitled to qualified immunity and that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has responded (Doc. No. 63), so the matter is ripe for a decision. After careful consideration of the pleadings in this matter, for the following reasons, I find Defendant's Motion for Summary Judgment (Doc. No. 57) should be granted.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

1

is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## IV.   ANALYSIS

### A.   Qualified Immunity[1]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See*

---

[1] Defendant Collier also argues that Plaintiff's claims fails as a matter of law. Analysis of this argument overlaps with a discussion of qualified immunity, so they will be considered together. I will evaluate immunity first because "[q]ualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible stage of the litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

    1.    Sexual Harassment

Plaintiff states he endured verbal sexual harassment by Defendant Collier. At his deposition, Plaintiff testified that while Defendant was "serving the chow call," "Officer Collier asked me the size of my penis" and "made a statement to me that he knew all black men that's in prison are homosexual one way or another." (Doc. No. 57-1 at 3.) When asked if "[h]e was saying it through the door," Plaintiff reported, "He was saying it at my door, yeah." (*Id.*)

Based on these facts, giving Plaintiff all benefit of the doubt, I find Plaintiff fails to state a viable constitutional claim under 42 U.S.C. § 1983. Sexual harassment or abuse may state a claim under the Eighth Amendment. *See Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (because

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

sexual harassment or abuse can never serve a legitimate purpose and may well result in severe physical and psychological harm, either sexual harassment or sexual abuse can, in certain circumstances, give rise to a claim under the Eighth Amendment). But to prevail on his claims, Mr. Franklin must "prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the [defendant] in question acted with a sufficiently culpable state of mind." *Id*. at 1338. A sufficiently culpable state of mind means a defendant must have acted with deliberate indifference to Mr. Franklin's health or safety. *See Berryhill v. Schriro*, 137 F.3d 1073, 1076-77 (8th Cir. 1998) (applying deliberate indifference standard in prison sexual harassment case).

First, I find Plaintiff's claims fail to establish the requisite "pain." Although he states he suffered from significant "mental anguish," he has presented nothing to support this allegation. Furthermore, Plaintiff's allegations are not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Berryhill*, 137 F.3d at 1076-77 ( claim that two officers grabbed plaintiff's buttocks did not satisfy the objective component of the Eighth Amendment); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) (episodes of sexual harassment and touching without consent do not involve a harm of federal constitutional proportions); *Green v. Elias*, 9 F.3d 1551, (9th Cir. 1993) (allegation that female defendant grabbed plaintiff's genitals during a clothed pat frisk insufficient to state constitutional violation); *cf. Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that defendant conducted daily strip searches, made sexual comments about plaintiff's penis and buttocks and rubbed plaintiff's buttocks with nightstick stated valid constitutional claim); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (finding valid Eighth Amendment claim where plaintiff's alleged sexual harassment and sexual fondling during pat frisks almost daily and over a two-month period).

Even if true, Plaintiff's claims that Defendant Collier made sexually suggestive remarks to

4

him through his cell door are not serious enough to be considered a violation of Plaintiff's constitutional rights. Accordingly, I find Plaintiff fails to state a constitutional violation so Defendant Collier is granted qualified immunity with regard to allegations of sexual harassment.

    2.    Retaliation

Threats are not actionable. But retaliatory conduct in response to the exercise of a constitutionally protected right is actionable, even if that conduct would have been otherwise proper. *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001); *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990). "Indeed, the retaliatory conduct does not itself need to be a constitutional violation in order to be actionable." *Id*. *See also Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir.1994) ("when retaliatory conduct is involved, there is no independent injury requirement"). But "[r]etaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2nd Cir. 1996). So "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2nd Cir. 2001) (not every response to a prisoner's exercise of a constitutional right is actionable). *See also Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (speculative and conclusory allegations cannot support a retaliation claim).

To prevail on his retaliation claim, Plaintiff must show: (1) he engaged in protected activity; (2) Defendant responded with adverse action; and (3) his protected activity was the cause of the retaliation. *See Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994) (threat of retaliation is sufficient injury if made in retaliation for inmate's use of prison grievance procedure).

The United States Court of Appeals for the Eighth Circuit has held that an inmate claiming retaliation is faced with the substantial burden of proving that the actual motivating factor for the adverse action was as alleged. *Sisneros v. Nix,* 95 F.3d 749, 752 (8th Cir. 1996). Moreover, this

Circuit has also held that allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 9 F.3d 1127, 1129 (8th Cir. 1996). Nothing in Plaintiff's Complaint or anything in this record serves to push his allegations of retaliation beyond the speculatory. Plaintiff testified, "I can't - - like I say, I say he was threatening to harm me, you know body harm . . . He says he was threatening to harm me and do something to my food." (Doc. No. 57-1 at 7.) The bare claim of retaliation, unsupported by any evidence whatsoever, fails.

### B.     Official Capacity Claims

It is settled law that an official capacity claim for damages against a state or municipal actor is akin to a claim against the state or municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). It necessarily follows that official capacity claims for damages against state employees are barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). It is undisputed that Defendant Collier was, at all times relevant to this suit, an employee of the ADC. So any official capacity claims for damages against him are, therefore, barred by sovereign immunity.[3]

## V.     CONCLUSION

1.     Defendant's Motion for Summary Judgment (Doc. No. 57) is GRANTED and this matter is DISMISSED with prejudice.

2.     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

---

[3]I do not find that Plaintiff sought injunctive relief in his Complaint. Even if he did, consistent with this opinion, he would not be entitled to any relief.

DATED this 24th day of January, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE